# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MELINDA S. PARRILL,**

**Plaintiff,**

**-vs-**                                                     **Case No.  6:11-cv-1150-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for Social Security disability benefits.  For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

# Procedural History

On February 13, 2008, Plaintiff applied for disability insurance benefits, alleging an onset date of January 23, 2007 (R. 58, 84).  Her application was denied initially and upon reconsideration, and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") (R. 58-63, 68-70, 26-42).  The ALJ issued a decision on October 20, 2009, finding Plaintiff not disabled (R. 15-25).  The Appeals Council denied Plaintiff's request for review (R. 1-6), making the ALJ's decision the final decision of the Commissioner, and the ALJ's decision is now ripe for review under 42 U.S.C. § 405(g).[1]

# Nature of Claimed Disability

Plaintiff claims to be disabled due to migraine headaches, a back impairment, and leg pain (R. 113, 120, 147).

---

[1]The parties consented to the jurisdiction of the undersigned United States Magistrate Judge.

*Summary of Evidence Before the ALJ*

Plaintiff was fifty years of age on the alleged date of onset (R. 84), with a high school education and past relevant work experience as a department manager at Wal-Mart (R. 126, 92).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, is set forth in this opinion only as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ found that Plaintiff had the following impairments: status post spinal fusion surgery and history of right lower extremity deep venous thrombosis (R. 20), and the record supports this uncontested finding. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, and determined that Plaintiff retained the residual functional capacity (the "RFC") to perform "light work as defined in 20 CFR 404.1567(b) except she is limited to occasional postural maneuvers such as stooping and crouching." (R. 20-21). The ALJ next determined that Plaintiff was capable of performing her past relevant work, and was therefore not under a disability at any time through the date of the decision (R. 25).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560

(11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises several issues for review: 1) whether the ALJ adequately considered Plaintiff's migraine headaches and obesity impairments; 2) whether the ALJ properly evaluated the opinion of the treating physician; 3) whether the ALJ applied the pain standard and evaluated Plaintiff's credibility appropriately, in formulating the RFC. The Court reviews these objections in the context of the sequential evaluation used by the ALJ.

### The five step sequential evaluation

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from

doing past relevant work, he is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. § 404.1520(f).  The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).   Here, the ALJ determined the case at Step 4, finding that Plaintiff was capable of performing her past relevant work. Thus, at all times, Plaintiff had the burden of persuasion.

**Step Two**

Plaintiff's first objection is that the ALJ did not consider her impairments of migraine headaches and obesity at step two of the evaluation.  An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1521.[2]  An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. §§ 404.1521, 416.921.  The ALJ has a duty to consider all impairments, both singly and in combination, when making an analysis of disability.  20 C.F.R. § §  404.1523 and 416.923.

A remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Comm'r of Social Security,* 265 F.3d 1214, 1219 (11th Cir. 2001). A mere diagnosis, however, is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002).  "The severity of a medically ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply

---

[2]Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. *Rodriguez v. Astrue ,* 2011 WL 486118, 3 (M.D. Fla. 2011) (internal citations omitted).

in terms of deviation from purely medical standards of bodily perfection or normality." *Id., citing McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities.   An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984).  Thus, a "[c]laimant need show only that his impairment is not so slight and its effect not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir.1986).

Plaintiff asserts that the ALJ erred in failing to find that her migraine headaches and obesity were severe, within the meaning of step two.  In his decision, the ALJ set forth findings pertaining to these impairment allegations, but he did not identify either her obesity or her migraines as "severe" impairments.  Plaintiff's burden at step two is light.  However, "the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *see also Heatly v. Comm'r of Soc. Sec.*, 382 Fed. Appx. 823 (11th Cir. 2010).

Here, consistent with the regulations and applicable law, the ALJ credited Plaintiff with other severe impairments at step two and proceeded forward with the sequential evaluation.  Thus, if Plaintiff's  migraines and obesity should have been included as severe at step two, the omission is only error if the ALJ subsequently failed to fully account for functional limitations arising from the impairments.  Upon review, the Court finds that this standard is not met.

With respect to her migraines, the medical record reflects that, prior to the date of onset, Plaintiff had established difficulty with migraine headaches.  By November 2006, however, still prior

to her claimed onset, her headaches were significantly decreased to once a week (R. 455).  Shortly after the alleged onset date, Plaintiff's medications were increased and Plaintiff reported even more improvement.  In January 2007, she reported that her "headaches respond quickly to Replax" (R. 454).  She was "overall better" by the next visit in April 2007, with her physician noting decreased headaches and Plaintiff reporting that "it has been a few months since she has had a bad migraine since taking Topomax" (R. 453).  At the June 2007 visit, her doctor noted continued improvement, and that her headaches had decreased since her last visit (R. 451).  By October 2007, Plaintiff reported that she was "better" and the headaches were "not as bad." (R. 450).  Her doctor observed:  "With increased medication she reports no migraines."  *Id.*

This is consistent with Plaintiff's testimony at the hearing.  While she reported an occasional headache during her sleep that "mess[es] her up," Plaintiff confirmed that when she has headaches during the day, her medication "will knock them out within a half an-hour, and they will be gone" (R. 38-39).  Although Plaintiff argues in her brief that "[o]bviously, these migraines greatly impact [her] ability to work," she fails to carry her burden of establishing any functional limitation arising from her infrequent and successfully treated headaches that was not properly considered by the ALJ.[3]

With respect to Plaintiff's obesity, the ALJ addressed this issue in his decision, noting:

The record also reflects that the claimant underwent gastric bypass surgery on March 30, 2009 due to extreme obesity. In May her doctor noted that she was physically active on a regular/daily basis by walking and had lost 13 pounds since surgery. (Exhibit 18F, p.6) At the hearing, the claimant testified that she had lost 52 pounds so far. She stated that her ankles and knees felt better; however she had not noticed anything in her back yet.

(R. 23).

While Plaintiff contends that "clearly, the claimant's morbid obesity would have increased the claimant's level of chronic lower back pain," the Court finds no record support for this conclusion.

_____

[3]The ALJ relied on the treatment records, noting at hearing: "I think if you look at 17Fl on 10/10/07, he said the headaches are better, and then I think later he said basically that she was having very little, or no headache problem."  (R. 38).

As pointed out by the Commissioner, no doctor's opinion and no medical evidence indicates that Plaintiff's obesity caused any limitation on Plaintiff's ability to perform basic work activities. Even if the Court were to presume that Plaintiff's weight increased her pain, the ALJ adequately evaluated her complaints of pain, and, as shown below, his conclusions are supported by substantial evidence. No error is shown.[4]

**Treating Physician**

Plaintiff next contends that the ALJ erred in failing to credit the opinion of Plaintiff's treating physician with controlling weight. Generally speaking, substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not

---

[4]Plaintiff's argument that the ALJ failed to consider her obesity in determining whether she met Listing 1.04 is without merit. Plaintiff has failed to establish how her conditions meet (or equal) each requirement of the listed impairment (20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04).

warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

Applied here, on August 4, 2008, her treating orthopaedic surgeon checked "No" when asked whether Plaintiff could perform full time light work or full time sedentary work (R. 448-49). Dr. El Kommos[5] explained his opinion by stating that Plaintiff "is still recovering from surgery [and] may take up to a year before full recovery is reached" (R. 449). The ALJ addressed this opinion, noting:

> This opinion was dated August 4, 2008. On that same date, Dr. Kommos saw the claimant for a follow up in reference to her back. Dr. Kommos recommended that the claimant start to increase her activity level. While the claimant told Dr. Kommos that she could not return to work, Dr. Kommos noted that the claimant may require vocational rehabilitation. Dr. Kommos' opinion is not provided controlling weight because Dr. Kommos did not provide any clinical or objective findings to support her opinion. In addition, the undersigned finds that the opinion is inconsistent with other substantial evidence in the record. (20 CFR §404.1527 and Social Security Ruling 96-2p).

(R. 24-25).

Thus, the ALJ declined to credit this opinion as controlling, finding that the opinion was not consistent with Dr. Kommos's own records, was not supported by objective findings, and was inconsistent with other substantial record evidence. As Plaintiff acknowledges in her brief, the regulations provide:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of

_____

[5]This physician is referred to as either "Dr. El Kommos" or "Dr. Kommos" in the administrative record.

your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. §404.1527(d).   As the ALJ found such was not the case here, and as that finding is supported by substantial evidence,[6] it will not be disturbed.

Plaintiff also objects to the ALJ's decision to credit the opinions of the  consultative examiner and the non-examining state agency reviewer.  Consultative examiner Dr. Haté found no limitations during his unremarkable examination of Plaintiff, except for some difficulty with stooping, squatting, or lifting of heavy weights (R. 351).  Dr. Stone reviewed the record, including many of Dr. El Kommos' treatment notes and Dr. Haté's consultative examination, and indicated that Plaintiff could perform light work (R. 355-62).

Plaintiff contends that Dr. Haté's opinion "does not conflict with Dr. El Kommos' opinion" as Dr. Haté found that "any limitations will be secondary to her pain and her neurosurgeon's advice" (R. 351).  As pointed out by the Commissioner, however, Dr. El Kommos' notes reflect very few complaints of pain and his advice was for greater activity.  As for Dr. Stone, Plaintiff contends that "[a] non-examining reviewing physician's opinion . . . when taken alone does not constitute substantial evidence to support an administrative decision," citing *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir.1990) and *Coleman v. Barnhart*, 264 F.Supp. 2d 1007 (S.D. Ala. 2003).  Dr. Stone's

---

[6]As noted by the Commissioner in her brief:  Plaintiff sought treatment for back pain following an automobile accident in January 2007 that possibly aggravated her preexisting degenerative disc disease (R. 197-99, 454). Although Plaintiff complained of low back pain following the accident, Plaintiff's gait and station were normal, including tandem, toe, and heel walking (R. 451). Nevertheless, as noted by the ALJ (R. 22), Dr. El Kommos performed surgery on Plaintiff's lower back in December 3, 2007 (R. 162-63). Following the surgery, Dr. El Kommos observed that Plaintiff did "extremely well" and was "ambulating quite nicely" (R. 165). In February 2008, Dr. El Kommos again stated that Plaintiff was "doing well" and her x-rays were "quite satisfactory" (R. 195). Although she was still wearing her back brace, as noted by the ALJ (R. 22), she was taking no medication for pain (R. 195). In April 2008, Dr. El Kommos noted again that Plaintiff was "doing well with her back" and did "not have any significant pain or discomfort" (R. 246). She presented to Dr. Doughten for a physical examination in May 2008, and reported that she was pain free (R. 256). On examination, her musculoskeletal system, gait, and stance were normal and she was "released w/o limitations." (R. 257).  The ALJ also noted that by June 2008, Plaintiff had progressed to a corset instead of a brace, was "doing well with her back," and was advised by Dr. El Kommos to gradually increase her activity (R. 22, 246).  In August 2008, Dr. El Kommos found that Plaintiff's back had a solid fusion and recommended that she further increase her activity level (R. 363). After Plaintiff informed Dr. El Kommos that she could not return to work, Dr. El Kommos advised that she may require vocational rehabilitation to be retrained (R. 363).  Notes from other treating providers also reflect mild to no restrictions.  Plaintiff was repeatedly "released w/o limitation" (*see e.g.,* R.  219, 222, 225, 228, 256, 394).  The ALJ's finding is amply supported.

opinion was, however, not "taken alone." As is clear from the administrative decision, the ALJ relied upon the treatment notes of the treating physicians, the testimony at hearing, and the results of the consultative examination to inform his decision-making.

### The RFC for light work - applying the pain standard

As her final objection, Plaintiff asserts that the ALJ misapplied the pain standard and credibility tests, resulting in an RFC that is not supported by substantial evidence.

When a claimant attempts to establish disability through his or her own testimony of subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "If proof of a disability is based upon subjective evidence and a credibility determination is, therefore, critical to the decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Foote, supra*, 67 F.3d at 1562 (quotation omitted). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Here, after evaluating the evidence and testimony, the ALJ concluded that, although Plaintiff has underlying impairments that could reasonably be expected to produce the symptoms alleged, her statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible (R. 22). The ALJ specified his reasons for this finding; noting that Plaintiff consistently reported she was doing well and not having pain in her back (R. 23, 246, 256, 313, 349),

and took little or no pain medication (R. 23, 30, 195).  The ALJ noted the absence of severe restrictions in her treating records and the fact that Plaintiff was instead repeatedly directed to increase her activity level (R. 23).  The ALJ also noted Plaintiff's reports of activities of daily living, summarizing:

> The claimant testified that she goes to the mall and walks. She stated that she tries to do at least 2 laps at the mall. She also walks in the pool. The claimant reported that her daily activities consist of having breakfast, taking a shower, watching TV, walking out to check the mail, having lunch with her daughter and granddaughter, reading, having dinner with her husband, and playing games on the computer. (Exhibit 3E, p. 1).She reported that she can cook on top of the stove; she prepares breakfast daily and lunch 4 days a week. She does laundry twice a week. (p.3) She goes outside daily and she is able to drive. She shops in stores for groceries or clothes once a week for 30 minutes. (p.4). Her hobbies and interests are reading, going to flea markets, going to parks with her grandchildren, crafts, theatre. She can still do everything a little at a time, however, she testified that she can only walk a little while and then she needs to rest. She tries to go out to lunch with both her daughters once a week. She goes to the park on a regular basis and sits on the bench and watches her grandchildren play. (p.5) Notably, she takes care of her two and a half year old granddaughter who lives with her.

(R. 23-24).  This  description of Plaintiff's reports and testimony is supported by the record (R. 96-100, 36-38, 41).  Courts have affirmed an ALJ's decision that a claimant's testimony as to the alleged levels of pain and symptoms he experienced was not credible "where the allegations were inconsistent with activities of daily living, limited use of pain medication, and effectiveness of treatment." *Carter v. Commissioner of Social Sec.*, 2011 WL 292255, 2 (11th Cir. 2011) (unpublished), *citing Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002).  Although Plaintiff points to other testimony and evidence indicating that Plaintiff still has difficulties and pain, the standard is not whether a different conclusion could be reached, but, as noted above, whether the conclusion reached by the ALJ was supported by substantial evidence.  "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, *even if the proof preponderates against it*." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (emphasis supplied).  As the ALJ's conclusion is adequately supported, it cannot be disturbed.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511.

While it is clear that Plaintiff has challenges and difficulties, the only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards.  As the Court finds that to be the case, it must affirm the decision.

## Conclusion

The decision of the Commissioner was supported by substantial evidence and was made in accordance with proper legal standards.  As such, it is **AFFIRMED.**  The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on July 31, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record